IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>APPROXIMATELY $1,457,198.90 IN )<br>UNITED STATES CURRENCY AND ONE )<br>GLOCK, 9MM PISTOL )<br>) | **Civil No. 5:23-mc-00004** |

**MOTION FOR EXTENSION OF TIME TO FILE FORFEITURE COMPLAINT**

NOW COMES Plaintiff the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, pursuant to 18 U.S.C. § 983(a)(3)(A), and requests that this Court extend and harmonize the deadlines for filing a Complaint for Forfeiture *In Rem* as to the above-referenced defendant property. In support of this Motion, the Government submits as follows:

1. This matter arises from twenty-five (25) separate referrals to the USAO-WDNC related to the same underlying nucleus of facts. Each referral has its own CAFRA deadline (some falling months apart). The seizures themselves result from the execution of numerous state search warrants on different dates, and the case presents complex factual and legal issues, amid an ongoing state criminal prosecution (which could potentially warrant a statutory stay). The seized currency relates—to some degree—to operating businesses with various revenue streams, adding to complex tracing and co-mingling of funds issues, and multiple claimants have claimed ownership of the same sums of money. To that end, the Government intends to engage in extensive (voluntary) pre-complaint discovery and negotiations with claimants, who have already provided some documents to the Government.

2. Thus, the Government requests that the Court extend and harmonize the CAFRA

deadlines for all seizures related to this matter, until and including June 30, 2023.

*Brief factual background as to the underlying seizures*

3. The following paragraphs in this section are provided for the Court's background based on the undersigned AUSA's current understanding of the alleged facts.[1]

4. This case involves what the Government believes to be the sale of marijuana and counterfeit goods by at least eleven separate tobacco, vape, and/or smoke shops. There are three claimants to the defendant property, all believed to be owners or operators of one or more of the smoke shops at issue.

5. The smoke shops are alleged to have generally (a) sold altered vape pens with the original contents replaced by a high THC content wax/liquid that were home manufactured in a basement lab at two claimants' shared residence; (b) sold trademark infringing material, such as THC gummies in packaging resembling candies commonly ingested by children; and/or (c) sold marijuana in its green, leafy form over the counter.

6. In 2020, a citizen complaint regarding counterfeit "e-cigs" ultimately led to the execution of a state search warrant at one of these smoke shops. After counterfeit goods were found and seized, a claimant and his brother (the co-owners of the shop) were warned about selling copyright protected items and THC products in packaging deemed enticing to children.

7. Subsequently, in March 2022, law enforcement conducted an undercover operation at another tobacco store owned and operated by the same claimant. After asking the store clerk for a product that was stronger than other available THC-related products, the undercover purchased trademark infringing material in the form of THC gummies and marijuana from the store clerk.

---

[1] The undersigned has not yet received all case-related documents nor spoken with all relevant members of law enforcement involved. Should the Government ultimately file a civil forfeiture complaint, any facts set forth in that pleading will be verified by a federal agent.

2

8. In November 2022, law enforcement conducted an undercover operation utilizing a sixteen (16) year old, who purchased THC gummies and a vape pen that had been visibly altered. Lab results indicated both the vape pen's liquid and the gummies tested outside the legal limit (*i.e.* as marijuana). This operation validated complaints from Burke and Caldwell County education officials and parents regarding high school age minors purchasing the altered vape pens at this location and other stores in those counties.

9. Then, from November 2022 through January 2023, during the execution of state search warrants at various smoke shops and associated residences, law enforcement seized, *inter alia*, over 100 kilograms of marijuana, $1,457,198.90 in currency, and a firearm from numerous vape shops, residences, and bank accounts associated with the claimants.

10. Among other things (such as marijuana packaged for retail sale), the searches revealed a home lab for making the high-THC vape pen inserts at the shared residence of two claimants, evidence that the marijuana inserts were being provided to a variety of smoke shops in the area, and counterfeit THC gummies:



***Brief procedural history***

11. Based on the information developed, the U.S. Customs and Border Protection (who

handles the administrative side of HSI cases) initiated administrative forfeitures against the Currency and one Glock 19 (the "Property").

12. Administratively, this was done as twenty-five separate cases—for example, the currency seized from a smoke shop would be a different case from the currency seized from a residence.

13. Three separate claimants filed claims requesting judicial forfeiture of the Property, often with claims by multiple claimants to the same sum of currency.

14. Under CAFRA, the Government's deadline to file a civil forfeiture complaint is ninety days from the date a claimant files a claim requesting judicial forfeiture. *See* 18 U.S.C. 983(a)(3)(A). The earliest claim filed was December 29, 2022, with the latest claim to date filed on March 2, 2023—making the range of the Government's various CAFRA deadlines to file civil forfeiture complaints related to these seizures from March 29, 2023 through May 31, 2023.

15. As all of the seizures arise from the same underlying activity, the Government will consolidate the matters into a single civil forfeiture complaint.

***The requested extension and consolidation***

16. The Government's CAFRA deadline may be extended by the Court under the plain language of the statute for "good cause shown." 18 U.S.C. 983(a)(3)(A). *See also United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1144 (9th Cir. 2008) ("Accordingly, we conclude from an examination of the statutory language and its structure that courts have the authority to grant *ex parte* applications for time extensions under CAFRA."); *see also* 4B Charles Alan Wright et al., Federal Practice and Procedure § 1165, at 605–08 (2015) (noting that district courts normally should grant extension requests, made before the deadline, in the absence of bad faith to the requesting party or prejudice to another party); *United States v.*

*$10,160.00 in U.S. Currency*, 2012 WL 3608578, at *1 (D. Conn. Aug. 22, 2012) (good cause for two CAFRA filing extensions existed when AUSA required further information from DEA).

17. This is the Government's first request for an extension of any CAFRA deadline related to this matter.

18. The Government requests that the Court extend and harmonize all CAFRA deadlines from these seizures to Friday, June 30, 2023 (thirty days after the latest CAFRA deadline).

19. Good cause exists for this requested extension. First, both the Government and claimants will be better served by the Government filing one civil forfeiture complaint on a single date providing one forum to litigate all interests in the defendant property versus piecemeal litigation—especially as multiple claimants have claimed the same sums of currency. The Government has been receiving documents to this case on a rolling basis (the latest claim being administratively filed March 2, 2022) and more time is needed to both receive relevant documents and review the case file.

20. Also, the case implicates complex legal issues regarding (in addition to the Government's likely Title 21 theories of forfeiture) the forfeiture of proceeds of intellectual property violations and the forfeiture of proceeds from violations of the Food, Drug, and Cosmetic Act. More time is needed for the Government to research and analyze these potential theories.

21. Further, given that many of the seizures relate to ongoing businesses, complex legal and factual issues regarding the tracing of proceeds and/or of co-mingled funds will likely be implicated. To that end, the Government intends to seek—prior to filing its forfeiture complaint—voluntary pre-complaint discovery from claimants. The Government has already been provided with limited tax returns, bank statements, and other documents, and time for a detailed analysis is

warranted. This pre-complaint exchange of information—giving claimants an opportunity to provide any legitimate source information and/or supporting documentation—often narrows the scope of issues should the case proceed judicially and/or results in pre-complaint settlement.

22. Finally, the Government understands that two of the claimants and another individual face a variety of state criminal charges related to the underlying facts, and the requested extension will allow for consideration of whether a statutory stay due to the ongoing, related criminal investigation/prosecution is warranted. On this issue, the undersigned has been in communication with the Caldwell County District Attorney's office.

23. Under such circumstances, Section 983(a)(3)(A) grants this Court authority to grant an extension.

WHEREFORE, for the reasons set forth herein and for good cause shown, the United States respectfully requests that this Court issue and Order for Extension in the form submitted herewith, granting an extension to file any civil forfeiture complaint, until and including June 30, 2023.

Respectfully submitted this 23rd day of March, 2023.

>DENA J. KING
>UNITED STATES ATTORNEY
>
>/s/ Seth Johnson
>J. Seth Johnson
>Texas Bar No. 53217
>Assistant United States Attorney
>Suite 1650, Carillon Building
>227 West Trade Street
>Charlotte, North Carolina 28202
>Telephone: (704) 338-3159
>Email: seth.johnson@usdoj.gov